UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOHN EAST | § | |
| | § | |
| v. | § | CIVIL ACTION NO: 4:19-cv-4433 |
| | § | |
| TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY | § | JURY DEMANDED |
| | § | |
| | § | |

**DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY'S
<u>NOTICE OF REMOVAL</u>**

Defendant Travelers Lloyds of Texas Insurance Company ("Travelers") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 as follows:

## I. NATURE OF THE SUIT

This lawsuit arises from a claim made by Plaintiff under a homeowners' insurance policy issued by Defendant to Plaintiff. Plaintiff filed this lawsuit alleging breach of contract, breach of warranty, breach of the Duty of Good Faith and Fair Dealing, misrepresentation, violations of §541 and §542 of the Texas Insurance Code, enhanced statutory damages, and attorney fees.

## II. PROCEDURAL BACKGROUND

1. On September 27, 2019, Plaintiff filed its Original Petition initiating an action against Defendant in the 165th Judicial District Court of Harris County, Texas, bearing Cause No. 2019-71023 ("the State Court Action"). **See Exhibit F.** A jury demand was made in the State Court Action.

2. Defendant was served with the Plaintiff's Original Petition in the State Court Action via certified mail directed to its registered agent on November 4, 2019.

3. This Notice of Removal is timely filed within the 30-day statutory time period for removal under 28 U.S.C. § 1446(b)(1), being filed within 30 days after Defendant's receipt of service of process.

4. This Notice of Removal is also timely filed within one year after commencement of the State Court Action, in compliance with 28 U.S.C. § 1446(c)(1).

### III.  BASIS FOR REMOVAL

5. This Court has original diversity jurisdiction under 28 U.S.C. § 1332 over this civil action, and the action may be removed pursuant to 28 U.S.C. § 1441(b), as it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6. **Plaintiff is a Texas citizen**. The Petition avers that Plaintiff is a resident of Harris County, Texas. **See Exhibit F.**

7. **Travelers is not a Texas citizen.** The Petition alleges the Travelers is "an insurance company doing business in the State of Texas." **See Exhibit F.** In fact, Travelers is an unincorporated association of 11 underwriters, all of whom reside in and are citizens of the State of Connecticut.

8. For diversity purposes, the citizenship of an unincorporated association is determined by the citizenship of each member of the entity. The members of a Lloyds plan are the underwriters alone. Because each of its underwriters is a citizen of the State of Connecticut, Travelers is a citizen of the State of Connecticut.

9. **The amount in controversy exceeds $75,000.** Plaintiff's Original Petition states that the amount of monetary relief sought by the Plaintiff is over $100,000 to $200,000 excluding interest and costs. **See Exhibit F.**

10. Removal to the Southern District of Texas, Houston Division is proper because the state court action is pending in Harris County, which is part of the Southern District.

11. In compliance with 28 U.S.C. § 1446(a) and Local Rule 81, Defendant has filed with this Notice of Removal (a) all executed process, (b) all pleadings asserting causes of action, (c) all orders signed by the state court judge, (d) the state court docket sheet, (e) an index of matters being filed, and (f) a list of counsel of record and the parties represented.  **See attached Exhibits A-F.** In compliance with Local Rule 81, which requires that *only* the listed documents be attached, Defendant has not attached any other documents to this Notice of Removal. Defendant will separately file any Corporate Disclosure which may be required in compliance with FED. R. CIV. P. 7.1.

12. In compliance with 28 U.S.C. § 1446(d), Defendant hereby certifies that it will promptly notify the clerk of the court in the State Court Action and all adverse parties of this removal.

## IV. CONCLUSION AND PRAYER

13. The basis for this removal and this Court's jurisdiction is diversity of citizenship under 28 U.S.C. §1332 because Plaintiff is a citizen of Texas and Travelers is a citizen of Connecticut.  For the reasons stated in this Notice, the Court may exercise diversity jurisdiction over this lawsuit. The amount in controversy, based on the face of the Plaintiff's Original Petition, exceeds $75,000, exclusive of interest and costs.  As such, this removal is proper under 28 U.S.C. §1441.  On these grounds, Defendant hereby removes the referenced State Court Action to this Court.

14. Defendant demands a jury in this removed action.

15.     THEREFORE, Defendant Travelers respectfully requests that the above-entitled action be removed from the 165th District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

> Respectfully submitted,
>
> MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
>
> By: */s/Melinda R. Burke*
> Melinda R. Burke
> E-Mail: burke@mdjwlaw.com
> State Bar No. 03403030
> Federal I.D.  425268
> 9111 Cypress Waters Blvd., Suite 250
> Dallas, Texas 75019
> Telephone: (214) 420-5500
> Facsimile: (214) 420-5501
>
> **ATTORNEY-IN-CHARGE FOR DEFENDANT TRAVELERS LLOYDS OF TEXAS INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been forwarded to opposing counsel in accordance with the Federal Rules of Civil Procedure on November 11, 2019.

Wayne D. Collins
Daniel P. Barton
BARTON LAW FIRM
1201 Shepherd Drive
Houston, Texas 77007

> */s/Melinda R. Burke*
> Melinda R. Burke